931 So.2d 1060 (2006)
Brian M. YEARY, Petitioner,
v.
Ric L. BRADSHAW, Palm Beach County Sheriff, Respondent.
No. 4D06-1395.
District Court of Appeal of Florida, Fourth District.
July 5, 2006.
*1061 Carey Haughwout, Public Defender, and Daniel Cohen, Carol Bickerstaff and Nan Foley, Assistant Public Defenders, West Palm Beach, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for respondent.
MAY, J.
The defendant filed an Emergency Petition For Writ Of Habeas Corpus challenging the trial court's denial of bond at his first-appearance hearing. We granted the petition on April 12, 2006, with an opinion to follow.
The defendant was arrested for driving with a suspended license, fleeing and eluding, and resisting without violence. At the first-appearance hearing, the court denied bond. The justification for the denial was a pre-existing misdemeanor case for disorderly conduct that had not been resolved.
The court heard testimony from the defendant's wife and reviewed the allegations. Defense counsel asked for a bond of $1,500 and an order prohibiting the defendant from driving until he obtained a valid driver's license. The court stated: "I'm going to set no bond in the case because of the open pending charge." From this order, the defendant filed the instant petition for writ of habeas corpus.
Rule 3.132 of the Florida Rules of Criminal Procedure dictates the procedural requirements for pretrial detention. The State may file a motion for pretrial detention, "setting forth with particularity the grounds and the essential facts on which pretrial detention is sought and certifying that the state attorney has received testimony under oath supporting the grounds and the essential facts alleged in the motion." Fla. R.Crim. P. 3.132(a). If no motion is filed or if the motion is insufficient, "the judicial officer shall proceed to determine the conditions of release. . . ." Id. The State must show "beyond a reasonable doubt the need for pretrial detention. . . ." Fla. R.Crim. P. 3.132(c)(1). In addition, the court is required to make findings of fact and conclusions of law to support a pretrial detention decision. See Fla. R.Crim. P. 3.132(c)(2).
Here, there was no motion, no findings of fact, and no conclusions of law. We therefore granted the writ and remanded the case to the trial court "to set bond or other reasonable conditions of pretrial release or to determine that no condition of release will protect the community, assure the presence of the petitioner or assure the integrity of the judicial process in accordance with the procedures proscribed in section 907.041(4)(c), Florida Statutes (2006)."
Petition Granted.
KLEIN and TAYLOR, JJ., concur.